**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
TRUSTEES OF THE DRYWALL TAPERS AND :
POINTERS LOCAL UNION NO. 1974 BENEFIT :
FUND, :
:
                        Plaintiff, :
:                     ORDER
            -against- :       16 Civ. 00622 (GBD) (SN)
:
ODESSY CONSTRUCTION GROUP, :
:
                        Defendant. :
:
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

        Plaintiff, a union benefit fund, brought this suit under the Employee Retirement Income Security Act against Defendant Odessy Construction Corp. for purportedly failing to provide a required audit of Defendant's financial records during the period of a trade agreement between the parties. (*See* Compl. ¶ 10–17, ECF No. 1.) Defendant never appeared, and the Clerk of Court entered a certificate of default on March 9, 2016. (Clerk's Certificate of Default, Mar. 9, 2016, ECF No. 9.)

        Before this Court is Magistrate Judge Sarah Netburn's May 18, 2016 Report and Recommendation ("Report"). The Report recommends that default judgment be entered against Defendant and that Plaintiff be awarded $2,350 in attorney's fees and $440 in costs. The Report further recommends that Plaintiff also be awarded injunctive relief, specifically an order requiring Defendant to permit and cooperate in auditing Defendant's payroll books and records covering the effective period of the trade agreement. The Report also recommends that, upon fifteen days written notice to Defendant, Plaintiff should be entitled to amend the judgment to include any

additional amounts owed as determined by that audit, together with any applicable interest, liquidated damages, auditor's fees, attorney's fees, and costs.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1). When parties object to the Report, the Court must review *de novo* those portions of the Report to which objections are made. *Id.* The Court is not, however, required to conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, "[i]t is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made.'" *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The Report informed the parties that they had fourteen (14) days from service of the Report to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (Report at 2.) More than fourteen days have elapsed since entry of the Report, and neither party has filed objections to it.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the Report for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, this Court adopts the May 18, 2016 Report of Judge Netburn as if set forth herein.

Plaintiff's motion for default judgment is GRANTED. Plaintiff is awarded $2,350 in attorney's fees and $440 in costs. Defendant is ORDERED to permit and cooperate in auditing Defendant's payroll books and records covering the effective period of the trade agreement. Upon

-3-

fifteen days written notice to Defendant, Plaintiff shall be entitled to amend the judgment to include any additional amounts owed as determined by that audit, together with any applicable interest, liquidate damages, auditor's fees, attorney's fees, and costs.

The Clerk of the Court is directed to close the motion at ECF No. 11.

Dated: New York, New York
June 16, 2016

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge